In re LARRY GOODWIN GOLF, INC.
d/b/a UWHARRIE GOLF CLUB,
Debtor.

Bankruptcy No. B–97–12025 C–11G.

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

Nov. 26, 1997.

Charles M. Ivey, Ivey, McClellan, Gatton & Talcott, L.L.P., Greensboro, NC, for Debtor.

John H. Small, Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., Greensboro, NC, for Uwharrie Golf, Inc.

Robin R. Palenske, Greensboro, NC, for Bankruptcy Administrator.

Thomas B. Kobrin, Isaacson & Isaacson, Greensboro, NC, for Goodins.

Robyn R. Whitman, Hutson, Hughes & Powell, Durham, NC, for Larry Goodwin.

## ORDER

CATHARINE R. CARRUTHERS,
Bankruptcy Judge.

**THIS MATTER** coming on for hearing before the undersigned bankruptcy judge on September 4, 1997 in Greensboro, North Carolina on Debtor's Motion for Authority to Use Cash Collateral; and appearing before the court were Charles M. Ivey, III, counsel for the Debtor, John H. Small, counsel for Uwharrie Golf, Inc. [hereinafter "Uwharrie"], Robin R. Palenske, for the Bankruptcy Administrator, Thomas B. Kobrin, attorney for the Goodins, also interested parties, and Robyn R. Whitman, attorney for Larry Goodwin, individually; and the court, after hearing the arguments of counsel and the evidence presented, makes the following findings of fact:

1) Debtor is a North Carolina corporation which filed for Chapter 11 bankruptcy on April 29, 1997. Debtor has operated as Debtor-in Possession under the management of its president, Larry Goodwin since filing.

2) Uwharrie Golf Club consists of an eighteen hole golf course, pro shop, driving range, swimming pool facility and adjacent undeveloped property located in Randolph county, North Carolina.

3) On July 31, 1992 the Debtor purchased Uwharrie Golf Club from Uwharrie Golf, Inc. for $1,100,000.00. Uwharrie Golf, Inc. provided purchase money financing in the amount of $950,000.00, and Debtor executed a promissory note in favor of Uwharrie Golf, Inc. for $950,000.00. This Note is secured by a Purchase Money North Carolina Deed of Trust, recorded in Book 1332, Page 1700 of the Randolph County Public Registry. This Note is also secured by personal property and equipment located at Uwharrie Golf Club. The Deed of Trust is a "Wrap Around" Deed of Trust.

4) On September 8, 1997 this Court heard arguments from counsel and denied Uwharrie Golf Incorporated's Motion for Relief from Stay to foreclose on real and personal property and equipment located at Uwharrie Golf Club.

5) On September 8, 1997 this Court heard arguments from counsel with respect to Debtor's Authority to Use Cash Collateral. Within the context of such Motion, counsel for Uwharrie Golf, Inc. raised the issue that Debtor constitutes single asset real estate which would affect the amount of monthly payments to be made to Uwharrie Golf, Inc.

6) As of the date of this hearing, the Debtor has been able to keep current all adequate protection payments to Uwharrie Golf, Inc.

7) On September 8, 1997 this Court ordered that payments by the Debtor to Uwharrie Golf, Inc. should be thereinafter in the amount of $6,793.00/month in order to comply with 11 U.S.C. § 362(d)(3) of the Bankruptcy Code. The Court further determined that in the event the Debtor did not constitute a single asset real estate case, the payments should decrease starting in the month of November to $4,000.00. The payments for September and October were to be in the amount of $6,793.00. Such payments were to be made in two equal installments, with the first payment to be made by the tenth (10th) of the month.

8) On September 8, 1997 this Court further reserved judgment as to whether Debtor constitutes a single asset real estate case.

## CONCLUSIONS OF LAW

The issue before the Court is whether this is a single asset real estate case. The Bankruptcy Code in 11 U.S.C. § 362(d)(3) [hereinafter " § 362(d)(3)"] states that the Court must grant relief from stay in a single asset real estate case unless a feasible plan of reorganization has been filed or the Debtor is making payments in an amount equal to interest at a current fair market rate. Section 362(d)(3) states, in relevant part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the

order for relief (or such later date as the court may determine for cause by order entered within that 90–day period)-

> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

> (B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

Since at the time of this Motion Debtor had not yet filed a plan of reorganization, the Debtor must comply with § 362(d)(3)(B) if the Debtor is deemed a single asset real estate case.

Inasmuch as this Court found that Uwharrie was not entitled to Relief from Stay, Uwharrie would be entitled to payments in an amount equal to interest at a current fair market rate *if* Debtor is deemed a single asset real estate case. If Debtor is not a single asset real estate case, § 362(d)(3) is not applicable and Debtor *would not* be required by the Code to make payments to Uwharrie in an amount equal to interest.

■ The term "single asset real estate" is defined by the Code as:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto having aggregate noncontingent, liquidated secured debts in an amount no more than $4,000,000.

11 U.S.C. § 101(51B) [hereinafter § 101(51B) ]. This definition includes the operation or holding of a piece of real estate for income rather than the operation of businesses on the real estate. *See In re Kkemko,* 181 B.R. 47, 51 (Bankr.S.D.Ohio 1995) (interpreting Congress' meaning of single asset

real estate as buildings intended to be income producing, or raw land).

The court in *Kkemko* examined whether a marina Debtor constituted a single asset real estate case. The court reviewed legislative history and noted that the purpose of § 101(51B) and § 362(d)(3) was for "extraordinary expedition" of cases such as where the owner of a building encumbered by grossly undersecured debt has little hope of confirming a viable plan. *Kkemko,* 181 B.R. at 51. The court held that since the Debtor did more than hold a piece of real estate simply for income, the marina Debtor did not constitute a single asset case. The court found relevant, *inter alia,* the fact that Debtor stored and repaired boats, provided showers and a pool, sold gas, and provided concessions. *Kkemko,* 181 B.R. at 51.

Likewise, the court in *Centofante v. CBJ Development, Inc. (In re CBJ Development, Inc.)* held that operation of a hotel also did not constitute single asset real estate. 202 B.R. 467 (9th Cir. B.A.P. 1996). The court recognized that while apartment buildings are clearly within the definition of single asset cases, hotels are dissimilar in that they provide significantly greater services. *Id.* at 470. The court relied upon the analysis by the court in *Kkemko* and determined that the "restaurant, bar and gift shop constitute significant other business, sufficient to remove the Hotel from the definition of single asset real estate." *CBJ Development,* 202 B.R. at 473.

■ This Court finds that based upon a review of case law legislative history, Uwharrie Golf Club is not the type of Debtor Congress was concerned with when it enacted the statute. Debtor operates a golf course with associated golf car rentals, a pool, provides concessions, and owns adjacent land that is currently for sale. All of these activities constitute operating a *business* on the property versus simply the holding of real property solely for income. *See Kkemko,* 181 B.R. at 51. Debtor does not fit within the definition of a single asset real estate case.

**NOW THEREFORE FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

that based on the Court's finding that Debtor is not a single asset real estate case, 11 U.S.C. § 362(d)(3) is not applicable, and Debtor is to hereinafter reduce its monthly adequate protection payments from $6,793.00 to $4,000.00. Such payments are to continue to be paid twice a month in equal installments, with the first payment to be made on or before the tenth (10th) of each month pending further order of the Court.