**In the Matter of PRAIRIE HILLS GOLF & SKI CLUB, INC., Debtor.**

**Bankruptcy No. BK00–40840.**

United States Bankruptcy Court. D. Nebraska.

Nov. 8, 2000.

Mr. W. Eric Wood, Bellevue, NE, for Debtor.

Mr. Michael Snyder, Kearney, NE, for Nebraska National Bank.

### *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter is before the Court on the Motion for Relief from the Automatic Stay

and Request for Adequate Protection by Nebraska National Bank ("the Bank"), and the debtor's Resistance thereto. I conclude that the Bank's motion should be overruled.

The Bank asserts that it is stayed respecting "single asset real estate" and that it is entitled to relief from stay because the debtor has failed to either file a plan or commence payments as required under 11 U.S.C. § 362(d)(3).

Prairie Hills admits that it did not begin making interest payments or file a plan within 90 days of the commencement of the case. Prairie Hills asserts that the Bank's claim is not secured by "single asset real estate" and that, therefore, § 362(d)(3) is not applicable.

### Law

Under § 101(51B):

"single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto having aggregate noncontingent, liquidated secured debts in an amount no more than $4,000,000[.]

Section 362(d)(3) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

\*    \*    \*    \*    \*    \*

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date

as the court may determine for cause by order entered within that 90–day period)—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

The seminal case defining "single asset real estate" is *In re Kkemko, Inc.,* 181 B.R. 47 (Bankr.S.D.Ohio 1995). After considering the legislative history of "single asset real estate" code provisions in the context of the problems inherent in single asset real estate cases, Judge Perlman concluded that "single asset real estate" means "a building or buildings which were intended to be income producing, or raw land." *Id.* at 51.

■ A related consideration is whether the real estate is used in the operation of a business or whether it is simply held for income. *Kkemko,* 181 B.R. at 51; *In re Mayer Pollock Steel Corp.,* 174 B.R. 414, 423 (Bankr.E.D.Pa.1994) (steel processing plant provides jobs, produces assets for the national economy, and has an oversecured lender and other creditors, all of which distinguish it from single asset realty cases).

■ Under § 101(51B), courts generally focus on whether the debtor is conducting substantial other business activity on the property. *See Centofante v. CBJ Dev. Inc. (In re CBJ Dev., Inc.),* 202 B.R. 467 (9th Cir. BAP 1996) (hotel is not single asset real estate because gift shop, restaurant, and bar constitute significant other business); *Kkemko, supra,* (marina is not sin-

gle asset real estate because in addition to renting boat moorings, it sells concessions and gas, provides showers and a pool, and stores, repairs, and winterizes boats, all of which constitute substantial other business); *In re Larry Goodwin Golf, Inc.,* 219 B.R. 391, 393 (Bankr.M.D.N.C.1997) (golf course, golf cart rentals, pool, concessions, and undeveloped property for sale are part of the business operated on the property, distinct from simply holding the property solely for income).

### *Facts*

■ Under the facts of this case, the single asset real estate definition is not applicable. The debtor has produced evidence establishing that Prairie Hills does not merely own income-producing buildings and raw land. Rather, it is involved in other significant income-producing activities: Prairie Hills develops and sells residential lots; constructs and maintains roads to the golf, ski, and residential areas; mows and removes snow from the golf course and residential areas; continues to develop the golf and ski areas; sells liquor in the clubhouse; operates the farmland; and leases[1] the golf and ski facilities to Blu–Sky Sports. Nearly half of the debtor's income for the years 1996 through 1999 was from the sale of residential lots. Slightly less than 35 percent of its income for that period was from rents paid by Blu–Sky Sports, while eight percent came from the sale of crops.

Prairie Hills does not simply hold a passive real-estate investment. Since it is actively conducting various enterprises on the property, it does not fit the mold of the single asset real estate cases at which § 362(d)(3) appears to be directed. This is

1. The record is very unclear as to the specific relationship between Prairie Hills and Blu–Sky Sports in regard to the golf and ski club. The Court is concerned that the business transactions between the two bankruptcy estates might not necessarily adhere to the requirements of the Bankruptcy Code. For example, § 365(d)(4) provides that any unex-

not a case involving "single asset real estate" and § 362(d)(3) is not applicable.

IT IS ORDERED Nebraska National Bank's Motion for Relief from the Automatic Stay and Request for Adequate Protection (Fil.# 17) is overruled.

pired lease of nonresidential real property by the debtor is deemed rejected if it is not assumed or rejected by the trustee within 60 days after the date of the order of relief, and is to be surrendered immediately to the lessor. The record does not indicate whether the lease between Prairie Hills and Blu–Sky Sports has been assumed or rejected.